UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NEREO RODRIGUEZ-HERNANDEZ,
individually and on behalf of others similarly
situated,

                            Plaintiff,

                          -v-

K BREAD & COMPANY, INC. and
ALEXANDER KIM,

                          Defendants.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 1, 2016

15-cv-6848 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

      In this FLSA action, plaintiff submitted to the Court on October 26, 2016, a "Notice of Acceptance of an Offer of Judgment," as well as a signed copy of the purported "Offer of Judgment" under Federal Rule of Civil Procedure 68. (ECF No. 44.) On October 27, the Court, citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), ordered that the parties submit their proposed agreement (as well as documentation supporting its fairness) to the Court for its approval. (ECF No. 47.) Now before the Court is plaintiff's Motion to Vacate the Court's October 27, 2016 Order. (ECF No. 49.) Plaintiff argues that because it submitted an accepted offer of judgment pursuant to Rule 68, the Court must enter judgment and the Second Circuit's decision in Cheeks – requiring Court approval of FLSA settlement agreements under Rule 41 – is inapplicable.

      For the reasons discussed below, plaintiff's motion is DENIED.

It is an open issue in this Circuit whether court approval is required of a proper Rule 68 offer of judgment in a FLSA wage-and-hour case. However, even this issue is not yet before the Court. Rather, the Court now seeks to address a preliminary question – whether, given the specific history and procedural posture of this case, the signed "offer of judgment" submitted by plaintiff is indeed a proper offer of judgment under Rule 68, or is more properly characterized as a settlement under Rule 41. The answer to this question carries some importance: If what has been presented is truly a settlement, then the Court has an approval obligation. This Court therefore wants to ensure that the "offer of judgment" in this case has not been represented as such – when it is indeed a settlement – in order to avoid judicial scrutiny. Accordingly, the Court ORDERS plaintiff, as described below, to submit certain information pertinent to this preliminary question.

I. BACKGROUND

Plaintiff Nero Rodriquez-Hernandez commenced this action under the Fair Labor Standards Act ("FLSA") and New York State labor laws on August 28, 2015. (ECF No. 1.) Defendants answered plaintiff's complaint on January 19, 2016. (ECF No. 15.) The Court subsequently referred this case to the magistrate for settlement purposes only. (ECF No. 22.) A settlement conference was scheduled before the magistrate for August 9, 2016.

On August 8, 2016, the parties requested that the settlement conference be adjourned because "the parties, negotiating on their own, ha[d] reached terms of settlement and [were] preparing to finalize the settlement." (ECF No. 33.) Having

2

received the parties' notice of their settlement in principal, the Court adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed settlement agreement (as well as supporting documentation) to the Court for its approval not later than September 8, 2016. (ECF No. 35.) The Court, citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), noted that because this action was brought under the FLSA and New York State labor laws, the settlement must be scrutinized by the Court to ensure that it is fair. (Id.)

On September 22, 2016, the Court received a letter from plaintiff notifying the Court that the parties had been unable to finalize a settlement.[1] (ECF No. 38.) As a result, the Court restored this action to the trial calendar. Trial was scheduled to commence on the date originally scheduled, October 31, 2016.

Less than a week before trial, on October 26, 2016, plaintiff filed a "Notice of Acceptance of an Offer of Judgment." (ECF No. 44.) Plaintiff's submission stated that "plaintiff Nereo Rodriguez-Hernandez accepts the offer of judgment served on the plaintiff by the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim on October 26, 2016, allowing the plaintiff Nereo Rodriguez-Hernandez to take judgment against the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim, jointly and severally, for $25,000.00, inclusive of costs." (Id.) Plaintiff attached to his submission the purported "Offer of Judgment" under Federal Rule of Civil Procedure 68. (ECF No. 44-1.)

---

[1] The Court previously granted a request to extend – from September 8 until September 28 – the deadline for the parties to submit their proposed settlement agreement. (ECF No. 37.)

3

On October 27, 2016, the Court again adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed agreement (as well as documentation supporting its fairness) to the Court for its approval, this time not later than November 28, 2016. (ECF No. 47.) Rather than submit the documentation ordered by the Court, on November 29, 2016, plaintiff filed a Motion to Vacate the Court's October 27, 2016 Order. (ECF No. 49.) Plaintiff argues that because it submitted an accepted offer of judgment pursuant to Rule 68, the Court must enter judgment and the Second Circuit's decision in Cheeks – requiring Court approval of FLSA settlement agreements under Rule 41 – is inapplicable. (See Memorandum of Law in Support of Motion to Vacate, ECF No. 50.)

II.     DISCUSSION

In Cheeks, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d at 206. In discussing the text of Rule 41, the court noted that "[r]equiring judicial or [Department of Labor] approval of such settlements is consider with what both the Supreme Court and our Court have long recognized as FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." Id. (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). The Second Circuit highlighted the potential for abuse in FLSA settlements, such as, inter alia, the inclusion of awards for improperly high attorney's fees. Id.

4

Unlike certain settlement agreements under Rule 41, in the normal case, once an offer of judgment under Rule 68 is timely accepted and filed, "[t]he clerk of court must then enter judgment." Fed. R. Civ. P. 68(a). In short, a Rule 68 offer of judgment ordinarily does not require court approval.

Following its decision in Cheeks, the Second Circuit has not addressed the interplay between ordinary Rule 68 offers of judgment and the requirement in this Circuit that FLSA settlements be approved by the court. As noted by Judge McMahon, allowing parties to resolve FLSA cases via Rule 68 without court approval would "give[] clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in Fair Labor Standards Act cases without obtaining court approval – as well as a vehicle for seriously compromising the plaintiff's lawyer-client relationship." Baba v. Beverly Hills Cemetery Corp. Inc., 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016).

Despite these concerns, most district courts in this Circuit have concluded that Cheeks does not apply to offers of judgment under Rule 68, and that such offers of judgment do not require court approval even in the FLSA context. See, e.g., Baba 2016 WL 2903597, at *1; Khereed v. W. 12th St. Rest., No. 15-CV-1363 (JLC), 2016 WL 6885186, at *1 (S.D.N.Y. Nov. 22, 2016); Pest v. Express Contracting Corp., No. 16–CV–3785 (DRH), 2016 WL 6518577, at *1 (E.D.N.Y. Nov. 3, 2016); Barnhill v. Fred Stark Estate, No. 15–CV–3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015); but see Segarra v. United Hood Cleaning Corp., No. 15-CV-656, slip op. (S.D.N.Y. Jan. 6., 2016).

The Court need not reach this issue at the present time. The Court is undeniably entitled to ensure that a filed "offer of judgment" is indeed a proper offer of judgment under Rule 68, as opposed to a settlement under Rule 41. Given the history and procedural posture of this case, as previously discussed, the Court has serious concerns regarding plaintiff's actions.

Accordingly, plaintiff's motion to vacate is DENIED and the Court hereby ORDERS plaintiff to submit, not later than **December 16, 2016**, all relevant evidence concerning the accepted "offer of judgment" at ECF No. 44-1. Plaintiff shall submit, <u>inter alia</u>, emails, other written correspondence, and records of phone conversations between counsel related to this case.[2] Upon receipt, the Court will notify the parties if it requires further information.

The Clerk of Court is directed to terminate the motion at ECF No. 49.

SO ORDERED.

Dated: New York, New York

_____
    KATHERINE B. FORREST
    United States District Judge

---

[2] Alternatively, plaintiff may choose to submit documentation supporting the fairness of its accepted "offer of judgment" to the Court for consideration and approval, as the Court originally ordered at ECF No. 47.